In re STARR.

(District Court, N. D. California, First Division.   January 29, 1916.)

No. 9109.

BANKRUPTCY ☞348—CLAIMS—PRIORITIES.

As Civ. Code Cal. § 158, allows a husband and wife to contract, a wife's claim for services rendered in the business of her husband under an agreement for payment will not be postponed to claims of other creditors, there being nothing in the marital relation requiring a wife to engage in her husband's business without compensation.

. [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536;  Dec. Dig. ☞348.]

` In Bankruptcy.   In the matter of the bankruptcy of Washington I. Starr.   Petition by Josephine Starr for review of an order of the referee postponing her claim.   Order reversed.

Rothchild, Golden & Rothchild, of San Francisco, Cal., for claimant. Louis P. Dunkley, of San Francisco, Cal., for trustee.

DOOLING, District Judge.   The claim of Josephine Starr, wife of the bankrupt, for $2,531.40, supported by the promissory note of the bankrupt, executed in 1911, having been disallowed by the referee, she seeks a review of the order of disallowance.   The claim was not disallowed in terms, but was made subordinate to the claims of other creditors, which, owing to the paucity of funds, will result in her receiving no dividend.   The claim, evidenced by the note, is for services rendered by the wife in the business of her husband, and its bona fides is not questioned by the referee, nor apparently by the trustee.   The Civil Code of this state (section 158) permits husband and wife to enter into contracts of this kind, and I know no reason why this claim should not stand as any other claim would for like services. There is nothing in the marital relation which would compel a wife to work in her husband's store without compensation, nor anything in the record here which would in good faith estop the claimant from presenting her claim.

The order postponing the claim is therefore reversed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes